**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21356

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| RASHON STROMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> REVCO SOLUTIONS INC., <br><br> Defendant. | Case No: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Rashon Stroman, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against Defendant, Revco Solutions Inc. as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

2. In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 et seq., in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*, § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*, § 1692k.

4. In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that she was actually confused or misled. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.")

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

**JURISDICTION AND VENUE**

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

7. This court has jurisdiction over Defendant, Revco Solutions Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

9. Plaintiff Rashon Stroman ("Plaintiff") is a natural person who, at all times relevant hereto, was a residing in Passaic County, New Jersey.

10. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11. Defendant, Revco Solutions Inc. ("Defendant") is a company existing under the laws of the State of Delaware, with its principal place of business in Durham, NC.

12. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

13. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

14. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

15. The principal purpose of Defendant's businesses is the collection of such debts.

16. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

17. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

19. Sometime prior to March 18, 2021, Plaintiff allegedly incurred two debts to USAA Savings Bank, account numbers ending in 6709 and 9550 (the "Debts")

20. At an exact time known only to Defendant, but sometime prior to March 18, 2021, USAA Savings Bank placed, transferred, or assigned the Debts with Defendant for purposes of collection.

21. At the time USAA Savings Bank placed, transferred, or assigned the Debts with Defendant, the Debts were in default.

22. Each of the Debts is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) as they were a financial obligation that was incurred primarily for personal, family, or household purposes.

23. Upon information and belief, in its efforts to collect the alleged Debts, Defendant decided to utilize third party vendors.

24. In its efforts to collect the alleged Debts, Defendant decided to contact Plaintiff by written correspondence.

25. Sometime after March 18, 2021, Plaintiff received and read a collection letter from Defendant regarding the Debts (the "Letter"). **A true and accurate, redacted, copy of the Letter is attached as Exhibit 1 and incorporated herein by this reference.**

26. Based upon numerous factors, including the barcode and return address, the Letter was printed and sent to Plaintiff via a letter vendor at Defendant's direction.

27. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

28. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debts to the third-party vendor.

29. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debts, the entity to which Plaintiff allegedly owed the Debts, among other things.

30. In fact, the Defendant also conveyed it was a debt collector and was attempting to collect a debt from Plaintiff.

31. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

32. Defendant's conveyances of the information regarding the alleged Debts to third parties, including the third party letter vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33. The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy…" *See* 15 U.S.C. § 1692c(b).

34. In the relevant part, Section 1692c(b) states, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *See* 15 U.S.C. § 1692c(b).

35. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

36. Plaintiff did not provide prior consent to the sharing of his information with third parties.

37. Plaintiff did not provide his prior consent to the sharing of his information with the third party letter vendor Defendant chose to convey information to regarding the Debt as part of its collection efforts.

38. Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time.

39. Plaintiff to spend time in order to retain counsel to investigate Defendant's conduct described herein.

40. The foregoing conduct of Defendant violates the FDCPA, entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692c(b)**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

43. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

44. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

6

45. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

46. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

47. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

48. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

49. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

50. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

51. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

## CLASS ALLEGATIONS

52. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New Jersey.

53. Plaintiff seeks to certify a class of:

   i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

54. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

55. The Class consists of more than thirty-five persons.

56. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

58. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

  c. Finding Defendant's actions violate the FDCPA; and

  d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

  e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

  f. Awarding the costs of this action to Plaintiff; and

  g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

  h. Such other and further relief that the Court determines is just and proper.

DATED: August 31, 2021

         Respectfully Submitted,

         **BARSHAY, RIZZO & LOPEZ, PLLC**

         By: s/ *Todd D. Muhlstock*
         Todd D. Muhlstock, Esquire, of counsel
         445 Broadhollow Road | Suite CL18
         Melville, New York 11747
         Tel: (631) 210-7272
         Fax: (516) 706-5055
         Our File No.: BRL21356
         *Attorneys for Plaintiff*